IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 1:08cv396-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jackie Mcleod ("McLeod") has filed a *pro se* 28 U.S.C. § 2241 petition challenging a detainer lodged against him by federal authorities. McLeod maintains that the detainer – which was based on his violation of conditions of his supervised release from a federal sentence – was invalid because it was not lodged until after the term of his supervised release had expired. For the reasons that follow, this court concludes that McLeod is not entitled to habeas relief.

**I.   FACTUAL BACKGROUND**[1]

On October 7, 1993, after McLeod was convicted of obstruction of justice, this court sentenced McLeod to 87 months in prison, to be followed by a three-year term of supervised release. At the time of sentencing, McLeod was serving an Alabama state prison sentence, and this court ordered that his federal sentence run consecutively to his state sentence.

---

[1] The court has gleaned most of the pertinent facts from the petition and accompanying documents, as well as the answer and supporting exhibits filed by the federal respondents. (*See* Doc. Nos. 1 & 14 and attached exhibits.)

After serving the incarceration part of his federal sentence, McLeod was released from federal prison on December 17, 2004, at which time he began his term of supervised release. On July 13, 2006 – approximately 19 months into the term of supervised release – McLeod's supervising probation officer filed a "Petition for Warrant or Summons for Offender Under Supervision," alleging that McLeod had violated the conditions of his supervised release by failing to submit monthly reports and by moving from his approved address without notice. The petition further alleged that McLeod had absconded from supervision and that his whereabouts were unknown to his probation officer. On July 17, 2006, based on the petition's allegations, the district court issued a warrant for McLeod's arrest.

McLeod's whereabouts remained unknown to federal authorities until sometime around May 22, 2008, when he was arrested in Dothan, Alabama, on a State of Alabama parole violation warrant. At that time, McLeod was placed in custody in the Houston County Jail. On June 6, 2008, the U.S. Marshal Service filed a detainer against McLeod with the Houston County Sheriff's Office based on the July 2006 arrest warrant charging McLeod with violating his supervised release. McLeod was later transferred to the custody of the Alabama Department of Corrections (DOC"), and the detainer was refiled with the DOC on July 2, 2008.

When McLeod filed the instant § 2241 petition, he was in the custody of the Alabama DOC, where he is currently serving a sentence for various state controlled substance

convictions.[2] In October 2008, McLeod was brought before this court for a revocation hearing as to his supervised release. Following the hearing, on October 22, 2008, this court revoked McLeod's supervised release and sentenced him to 12 months in federal prison to be served after he completes his state sentence.

## II.  DISCUSSION

McLeod contends that the detainer lodged against him by federal authorities based on his violation of the conditions of his supervised release is invalid because it was not lodged until after the three-year term of supervised release from his federal sentence had expired. (Doc. No. 4 at pp. 1-4.)

Initially, it is questionable whether McLeod's claim is properly before this court on a petition for habeas corpus relief under 28 U.S.C. § 2241. The Eleventh Circuit, like most of the circuit courts that have considered the question, has held that the filing of a detainer, standing alone, does not place a prisoner in "custody." *See Orozco v. INS*, 911 F.2d 539, 541 (11th Cir.1990) (filing of detainer did not cause the prisoner to come within INS custody). As such, the mere filing of a detainer is not sufficient to satisfy the "in custody" requirement

---

[2]In his original petition, filed with this court on May 25, 2008, McLeod alleged that the U.S. Marshal Service had unlawfully arrested him on May 23, 2008, and had placed him in federal custody at the Dothan City Jail. (Doc. No. 1 at pp. 1-2.) However, the record reflects that Alabama law enforcement officers effected McLeod's arrest on May 22, 2008, and there is no indication that he was placed in federal custody after his arrest. Perhaps recognizing that he was not arrested by federal authorities or placed in federal custody, as he originally alleged, McLeod later amended his petition, on July 6, 2008, to challenge the detainer lodged against him by the U.S. Marshal Service following his apprehension by Alabama authorities. (Doc. No. 4.)

of § 2241.³ *See, e.g., Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) (detainer letter alone does not sufficiently place an alien in INS custody for habeas purposes); *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989) (filing of an INS detainer with prison officials does not constitute the requisite "technical custody" for purposes of habeas jurisdiction). Generally, a detainer is viewed as "an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." *Orozco*, 911 F.2d at 541 n.2 (citing *United States v. Shahryar*, 719 F.2d 1522, 1524 n.3 (11th Cir. 1983)). Morever, even assuming that the filing of the detainer in McLeod's case was sufficient to invoke the habeas jurisdiction of this court under § 2241, it is arguable that intervening events and circumstances – i.e., the execution of the detainer, the revocation of McLeod's supervised release and imposition of a 12-month sentence, and McLeod's current and continuing placement in state custody – have rendered moot the issues presented by McCleod's petition, at least for purposes of a habeas proceeding under § 2241.⁴

In any event, this court finds McLeod's substantive arguments regarding the supposed invalidity of the detainer to be without merit. McLeod argues that his term of supervised release expired before the detainer was lodged against him. However, courts that have considered similar claims under similar circumstances have held that a term of supervised

---

³*See* 28 U.S.C. § 22441(c)(3).

⁴This court notes that McLeod's motion pursuant to 28 U.S.C. § 2255, in which he challenges the revocation of his supervised release and his resulting 12-month sentence, is currently pending before this court. *See McLeod v. United States*, 1:09cv333-WHA-CSC.

release is tolled from the time a defendant absconds from supervision until the time he is found by federal authorities. *See, e.g., United States v. Delamora*, 451 F.3d 977, 980-81 (9th Cir. 2006) (defendant's fugitive status when warrant for supervised-release violation was issued tolled the term of supervised release from time defendant absconded until time he was located by authorities); *United States v. Murguia-Oliveros,* 421 F.3d 951, 954 (9th Cir. 2005) (citation omitted.) ("[W]e should not reward those who violate the terms of their supervised release and avoid arrest until after their original term expires. Tolling is necessary to prevent this result."); *United States v. Workman*, 617 F.2d 48, 51 (4th Cir. 1980) (noting that in calculating a defendant's term of probation, courts have excluded the time period during which a probationer is voluntarily outside the jurisdiction of the court and not under the supervision of a probation officer); (*United States v. Buchanan*, 632 F. Supp. 2d 554, 558-63 (E.D. Va. 2009) (five-year term of supervised release was tolled during 13-year period defendant remained in fugitive status afer absconding from supervision two years into his supervised-release term); *United States v. Thompson*, 841 F.Supp. 464, 465 (D. Conn. 1994) (holding that issuance of warrant alleging probation violation tolled the probation term where probationer absconded: "A term of probation is tolled when the probationer is not in fact under probationary supervision by virtue of her own wrongful act.").

   Here, July 13, 2006, was the date on which McLeod's supervising probation officer filed the petition alleging McLeod's violation of conditions of his supervised release and also stating that McLeod had absconded. The district court issued the warrant for McLeod's

5

arrest on July 17, 2006. These events occurred approximately 19 months into McLeod's three-year term of supervised release. It is not disputed that McLeod absconded from supervision for a period of approximately 22 months. Thus, McLeod's supervised-release term was tolled at least during the period he remained in fugitive status, from July 17, 2006 – when the arrest warrant was issued on the probation officer's petition – until May 22, 2008, when McLeod was arrested by Alabama authorities for violating his state parole.[5] The U.S. Marshal Service lodged a detainer against McLeod on June 6, 2008, and then refiled the detainer on July 2, 2008. Because of the tolling effect of McLeod's absconding from supervision, well over one year remained on his supervised-release term at the time federal authorities filed their detainer. Therefore, there is no merit to McLeod's claim that the detainer was not lodged against him until after his term of supervised release had expired.

For the reasons indicated above, McLeod is not entitled to habeas relief.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **July 22, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous,

---

[5] The court is presuming here that Alabama authorities notified federal authorities of McLeod's apprehension shortly after his arrest.

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of July, 2010.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE